IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND; and HOWARD McDOUGALL, Trustee,<br><br>    *Plaintiffs-Judgment Creditors*,<br><br>    v.<br><br>BELLEVILLE CONCRETE CONTRACTING COMPANY, an Illinois corporation,<br><br>    *Defendant-Judgment Debtor*. | Case No. 07-cv-5879<br><br>Judge Marvin E. Aspen |

## PLAINTIFFS' MOTION TO REVIVE JUDGMENT

Plaintiffs, through their attorneys, move this Court for revival of the Consent Judgment (the "Judgment") entered against Defendant, and in support thereof, state as follows:

1. Plaintiffs instituted this lawsuit against Defendant seeking health and welfare contribution payments due as a result of an audit conducted by Plaintiffs for the period of July 2005 through March 2007.

2. The Court entered a Judgment in favor of Plaintiffs and against Defendant Belleville Concrete Contracting Company on December 18, 2009, in the amount of $109,000.00. The Judgment amount consists of $70,453.39, in principal, $18,032.65 in interest, $4,168.50 in audit fees and costs, and $16,345.46 in attorneys' fees and costs allowed pursuant to 29 U.S.C. § 1132(g) (see copy of the judgment order attached hereto as Exhibit A).

3. On December 14, 2016, the Court entered an order reviving the Judgment in the amount of $109,000.00, plus costs and post-judgment interest, including the post-judgment interest of $56,678.72 that had accrued through December 8, 2016 (see copy of the order reviving the judgment attached hereto as Exhibit B).

4. The Judgment remains unsatisfied.

5. Rule 69 of the Federal Rules of Civil Procedure directs that Illinois law controls the manner in which judgments entered by this Court are executed. Under 735 ILCS 5/12-108, judgments may not be enforced beyond seven (7) years after the initial entry of judgment, unless revived as provided under 735 ILCS 5/2-1601 and in accordance with 735 ILCS 5/2-1602. A judgment may be revived by filing a petition to revive the judgment in the seventh year after its entry, or in the seventh year after its last revival, in the original case in which the judgment was entered, and providing notice of the petition to interested parties. 735 ILCS 5/2-1602(a)-(c).

6. Plaintiffs submit this Motion as the petition contemplated by Illinois law and further submit that interested parties have been notified of this Motion as evidenced by the Certificate of Service attached hereto.

7. Post-judgment interest through December 8, 2023 has accrued on the Judgment in the amount of $95,093.39.

8. No credit has been applied to the Judgment and Plaintiffs have not expended any court costs.

9. Along with this Motion, Plaintiffs submit a proposed Order Reviving Judgment, a copy of which is attached hereto as Exhibit C.

3

**WHEREFORE**, Plaintiffs seek revival of the Judgment entered against Defendant on December 18, 2009, in accordance with Rule 69 of the Federal Rules of Civil Procedure and Chapter 735 of the Illinois Compiled Statutes.

          Respectfully submitted,

          */s/ Lois J. Yu*
Lois J. Yu (ARDC #6321772)
Central States Law Department
8647 W. Higgins Road, 8th Floor
Chicago, Illinois 60631
(847) 939-2116
lyu@centralstatesfunds.org

*ATTORNEY FOR PLAINTIFFS-JUDGMENT CREDITORS*

December 11, 2023

## **CERTIFICATE OF SERVICE**

I, Lois J. Yu, one of the attorneys for Plaintiffs-Judgment Creditors, hereby certify that on December 11, 2023, I caused the foregoing *Plaintiffs' Motion to Revive Judgment* to be served upon all parties indicated on the electronic filing receipt via the Court's electronic filing system. In addition, the Motion was served via UPS Next Day Air and email upon:

> Laura E. Schrick, Esq.
> Mathis, Marifan & Richter, LTD.
> 23 Public Square, Suite 300
> Belleville, IL 62220
> lschrick@mmrltd.com
> *Attorney for Donald M. Samson*

                                                  */s/ Lois J. Yu*
                                                  Lois J. Yu
                                                  Attorney for Plaintiffs-Judgment Creditors